# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| KELLI R. THOMAS, | Case No. 3:25-cv-00224 |
| Plaintiff, | District Judge Walter H. Rice |
| vs. | Magistrate Judge Caroline H. Gentry |
| ENERGIZER HOLDINGS INC, | |
| Defendant. | |

## ORDER FOR AMENDED APPLICATION
## TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Kelli R. Thomas recently submitted a *pro se* complaint and related documents to this Court. She sues a former employer under the Americans with Disabilities Act. (Complaint, Doc. No. 1-1 at PageID 6.) The case is currently before the undersigned United States Magistrate Judge to consider Plaintiff's Application to proceed *in forma pauperis* and without prepaying the filing fees.[1] ("IFP Application," Doc. No. 1 at PageID 1-3.) For the reasons explained below, the Court will direct Plaintiff to file an Amended IFP Application to clarify certain information.

"To proceed *in forma pauperis*, plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly destitute.'" *Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D.

---

[1] The total amount to file is $405, which consists of a civil filing fee of $350, plus a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Aug. 1, 2025).

Ohio Feb. 21, 2023) (quoting *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). "Instead, a plaintiff must merely show that he is unable to, 'because of his poverty, pay or give security for the [filing] costs and still be able to provide himself and dependents with the necessities of life.'" *Id.*

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. . . . *In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). Courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017).

In this case, Plaintiff's Application appears to be inconsistent and/or may omit information. (*See* Doc. No. 1.) Plaintiff states that she has three dependents and pays child support. (*Id*. at PageID 2.) She is single. (*Id*.) She has other debts or expenses, including monthly rent, which together appear to total $6,290 per month. (*Id*.) Plaintiff states that she has $1,681 in cash on hand or in a bank account.[2] (*Id*. at PageID 3).

---

[2] This amount is sufficient to pay the filing costs.

However, Plaintiff also states that she is not employed and has not been since January 2024. (*Id*. at PageID 2.) And when asked about receiving money from "any other source" during the past twelve months, she states that she had not received any such funds. (*Id*. at PageID 2.) Given Plaintiff's relatively limited funds, her statements appear to be in conflict. Plaintiff must clarify her monthly income and expenses so the Court can resolve her IFP Application.

The Court **ORDERS** Plaintiff to complete and submit an Amended Application to proceed *in forma pauperis*. She must file the Amended Application by **September 17, 2025.** If she fails to respond to this Order, the undersigned may recommend to the District Judge that her IFP Application be denied, or that the case be dismissed because she failed to comply with a Court order. If Plaintiff needs additional time to prepare her Amended IFP Application, she may file a Motion for Extension of Time explaining why she needs additional time.

In the alternative, Plaintiff may pay $405 to the Clerk of Court by **September 17, 2025**.

Plaintiff is **ADVISED** that she must notify the Court of any changes to her address while this case is pending. Blank forms, as well as a Guide for Pro Se Civil Litigants, may be found on the Court's website, https://www.ohsd.uscourts.gov/pro-se.

**IT IS SO ORDERED**.

    *s/Caroline H. Gentry*
    Caroline H. Gentry
    United States Magistrate Judge