IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KELLI THOMAS,                          :

    Plaintiff,                         Case No. 3:25-cv-224

    v.                             :       Judge Walter H. Rice
                                     Magistrate Judge Caroline H. Gentry

ENERGIZER HOLDINGS,
INC.,
                               :

    Defendants.

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS OF
DEFENDANT ENERGIZER HOLDINGS, INC. (DOC. #12); PLAINTIFF
KELLI THOMAS'S COMPLAINT (DOC. #6) IS DISMISSED WITHOUT
PREJUDICE TO REFILING WITHIN TWENTY-EIGHT (28) DAYS OF
ENTRY

---

Before the Court is the Motion to Dismiss of Defendant Energizer Holdings,

Inc.. (Doc. #12).  For the reasons set forth below, the Motion is SUSTAINED.

## I.  Factual Background and Procedural History

As Defendant's Motion arises under Federal Rule of Civil Procedure 12(b)(6),

the Court treats as true all well-pleaded factual allegations in the Complaint (Doc.

#6) of *Pro Se* Plaintiff Kelli Thomas. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff was an employee of Defendant and, while still employed on October 6,

2023, was directed to stop working by his physician, Glenda Lopez-Blaza, M.D.

(Doc. #6, PAGEID 29).  Plaintiff further alleges that "the Social Security

Administration ['SSA'] also determined that I was disabled since October of

2023." (*Id*). Nonetheless, Defendant stated that no application for sick leave had been approved, and that his "attendance points were exhausted." (*Id.*). Consequently, Defendant terminated Plaintiff on January 30, 2024. (*Id.*). Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and on April 4, 2025, the EEOC dismissed the charge and issued Plaintiff a Right-to-Sue Letter. (Doc. #6-1, PAGEID 31).

On July 3, 2025, Plaintiff filed his Complaint along with his initial Motion for Leave to Proceed *In Forma Pauperis* (Doc. #1), and filed his Amended Motion for Leave on September 2, 2025 (Doc. #3), which the Court sustained on September 9, 2025. (Order Granting Status, Doc. #5). On that date, the Complaint was filed *instanter* (Doc. #6), and pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Caroline H. Gentry determined that the Complaint should be allowed to proceed on Plaintiff's apparent theories of violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1983. (Screening Order, Doc. #8, PAGEID 40, 41).

On October 29, 2025, Defendant filed the instant Motion, arguing that: (1) Plaintiff's allegation of disability is devoid of factual support; (2) Plaintiff fails to allege that he is otherwise qualified for the position from which he was discharged; and (3) he alleges no facts that would support an inference that he was discharged based on his disability (Doc. #12, PAGEID 48), meaning that Plaintiff has alleged none of the *prima facie* elements for an ADA discrimination claim. (*Id.* at PAGEID 49, citing *Anderson v. City of Blue Ash*, 798 F.3d 338, 357

2

(6th Cir. 2015)). Specifically, Defendant argues, Plaintiff's mere allegation that he is disabled is a conclusion that is devoid of any allegation as to how that "disability restricted him as compared to the average person in the general population." (*Id.* at PAGEID 50-51, citing *Hentze v. CSX Transp. Inc.*, No. 1:17-cv-217, 2018 WL 1562023, at *1 (S.D. Ohio Mar. 31, 2018) (Barrett, J.)).

Moreover, Defendant claims that Plaintiff's unsubstantiated allegation that the SSA found him disabled—even if true—does not constitute an allegation that "'with or without reasonable accommodation, [Plaintiff] can perform the essential functions of the employment position that such individual holds or desires[.]'" (*id.* at PAGEID 51, quoting 42 U.S.C. § 12111(8)), because an SSA determination of disability "'gives no consideration to that person's ability to work with reasonable accommodation[.]'" (*Id.*, quoting *Griffith v. Wal-Mart Stores, Inc.*, 135 F.3d 376, 382 (6th Cir. 1998)). Indeed, Defendant asserts, Plaintiff "fails to allege if he could ever return to work, what his position was, [or] what his duties were, let alone anything about his performance." (*Id.*).

Further, Defendant argues that Plaintiff failed to allege any causal link between Plaintiff's disability and Defendant's decision to deny his sick leave request and subsequently terminate him. Specifically, it notes that:

> Plaintiff's Complaint lacks any allegations by which a court could make an inference of discrimination, such as discriminatory comments made about his alleged disability; Energizer has a pattern or practice of discriminating against anyone because of a disability; or the identity of any allegedly similarly situated employees who were not disabled but were treated more favorably.

3

(*Id.* at PAGEID 51-52).  Finally, Defendant argues that, contrary to the Magistrate Judge's Screening Order, Plaintiff only purports to raise an ADA claim, as Plaintiff does not allege the elements of a 42 U.S.C. § 1983 claim, and he checks only the box for an ADA claim in his initial filing.  (*Id.* at PAGEID 52, citing Civil Cover Sheet, Doc. #1-5, PAGEID 17; Doc. #6, PAGEID 29).

In his memorandum *contra*, Plaintiff argues that he began receiving disability benefits from SSA in September 2024.  (Memo. in Opp., Doc. #15, PAGEID 59).  Plaintiff claims to have sent four letters from his physician to Defendant prior to his termination, wherein Plaintiff's doctor opined that he was unable to work (*id.* at PAGEID 60), and that the Office of Unemployment Compensation ("OUC") had determined that he "was terminated without just cause."  (*Id.*).  In support, Plaintiff attaches a September 2, 2024, letter from SSA notifying him that he is "entitled to monthly disability benefits from Social Security beginning April 2024."  (Letter, Doc. #15-1, PAGEID 61).  Plaintiff also attaches the four notes from Dr. Lopez-Blaza that he had sent to Defendant; therein, Dr. Lopez-Blaza states that Plaintiff needed to be off work through February 29, 2024, due to an unspecified illness.  (Notes, Doc. #15-1, PAGEID 64-67).  Finally, he attaches the Determination of Unemployment Compensation Benefits, wherein OUC concluded that Defendant terminated Plaintiff without just cause.  (Determination , Doc. #15-1, PAGEID 68-70).

In reply, Defendant argues that Plaintiff has still failed to allege what disability he has, and that his failure to do so compels dismissal for that reason

4

alone. (Reply, Doc. #16, PAGEID 71-72). Moreover, Defendant claims that SSA's finding of indefinite disability undercuts any argument that Plaintiff is otherwise qualified for the position. (*Id.* at PAGEID 72, citing *Kindred v. Memphis Light Gas & Water*, No. 22-5360, 2023 WL 3158951, *7 (6th Cir. Feb. 27, 2023)). This deficiency is even more problematic in this case, Defendant asserts, because Plaintiff "fails to allege if he could ever return to work, what his position was, and what his duties were, let alone anything about his performance." (*Id.*). Further, Defendant renews its argument that Plaintiff still has not put forth evidence of Defendant's discriminatory intent, and that Plaintiff's conclusory allegations are insufficient even at the pleading stage. (*Id.* at PAGEID 72-73, quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012)).

The matters are now ripe for decision.

## II.  **Legal Standard**

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver*

*v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).  The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed."  *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.* at 555.  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 556 U.S. at 678-79.  Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief."  *Id.* at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). However, "[a]lthough a *pro se* litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" *Adams v. Michigan*, No. 22-1630, 2023 WL 5275122, *1 (6th Cir. Feb. 1, 2023), quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III.   Analysis

At the outset, the Court agrees with Defendant (Doc. #12, PAGEID 52) that Plaintiff raises only an ADA claim. The Court's conclusion is based not only Plaintiff checking only the ADA employment box on the Civil Cover Sheet (Doc. #1-5, PAGEID 17), but also because, aside from a vague statement that Defendant committed "a major violation of my civil rights" (Doc. #6, PAGEID 30), his Complaint discusses only his purported disability and Defendant's termination of him. (*Id.* at PAGEID 29).

> To establish a *prima facie* case of intentional discrimination under Title II of the ADA, a plaintiff must show that: (1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability.

*Anderson*, 798 F.3d at 357. While Plaintiff need not make a *prima facie* evidentiary showing or undertake a "burden-shifting" analysis at this stage, *McDonnell*

7

*Douglas v. Green*, 411 U.S. 792 (1973), he still must plausibly allege the *prima facie* elements to comply with *Iqbal* and *Twombly*. *Adams*, 2023 WL 5275122, *1.

Plaintiff has failed to meet that burden with respect to the first element. In both his Complaint and memorandum *contra*, Plaintiff merely states that he is disabled, without identifying his disability or alleging that that disability substantially limits his major life activities. 42 U.S.C. § 12102(1)(A). The letters from Dr. Lopez-Blaza merely state that Plaintiff has an unspecified illness. (Doc. #15-1, PAGEID 64-67). Also, Plaintiff's receipt of Social Security disability benefits do not establish whether he is disabled under the ADA: "An individual's application for and receipt of Social Security disability benefits . . . gives no consideration to that person's ability to work with reasonable accommodation, which is required to be considered under the ADA." *Griffith*, 135 F.3d at 382. The Court and Defendant are left to guess what Plaintiff's disability is and how it limits him, which is insufficient even liberally construing the Complaint.

Similarly, Plaintiff has not alleged, even in a conclusory manner, that he is otherwise qualified for the position from which he was terminated. Indeed Plaintiff does not allege what position he held or what his responsibilities were. While a *pro se* plaintiff's burden at the pleading stage is modest, he must allege *something* that allows Defendant and the Court to know what his position was and how he was qualified for it. His failure to do so is fatal to his Complaint, and Defendant's Motion must be sustained.

However, the OUC's determination that Plaintiff was fired without cause (Doc. #15-1, PAGEID 68-69) leads the Court to conclude that Plaintiff may, with the aid of discovery, be able to show that Defendant's proffered reason for termination—unapproved absences and tardiness (*id.* at PAGEID 69)—was pretextual. Consequently, the Court dismisses the Complaint without prejudice to refiling within TWENTY-EIGHT (28) days of Entry. The Court strongly encourages Plaintiff to attempt to retain counsel prior to refiling.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. #12) is SUSTAINED. Plaintiff's Complaint (Doc. #6) is DISMISSED WITHOUT PREJUDICE to refiling within TWENTY-EIGHT (28) days of Entry.

IT IS SO ORDERED.

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

February 23, 2026

9