THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KELLI THOMAS,

     Plaintiff,

     v.

ENERGIZER HOLDINGS, INC.,

     Defendant.

:
:
:
:
:

Case No. 3:25-cv-224

Judge Walter H. Rice
Mag. Judge Caroline H. Gentry

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS OF DEFENDANT
ENERGIZER HOLDINGS, INC. (DOC. #26); PLAINTIFF KELLI THOMAS'S AMENDED
COMPLAINT (DOC.#24) IS DISMISSED WITH PREJUDICE; JUDGMENT SHALL
ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION
ENTRY

---

Before the Court is Defendant Energizer Holdings, Inc.'s, Motion to Dismiss

(Doc. #26) the First Amended Complaint of Plaintiff Kelli Thomas. (Doc. #24). For

the reasons set forth below, the Motion is SUSTAINED.

## I.    Factual Background and Procedural History

At the Rule 12(b)(6) stage, the Court treats all well-pleaded factual

allegations as true, and, because Plaintiff is *pro se*, the Court liberally construes

the First Amended Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Estelle*

*v. Gamble,* 429 U.S. 97, 106 (1976). Plaintiff alleges that on four separate

occasions between October 6, 2023, and January 29, 2024, his physician, Dr.

Glenda Lopez-Blaza, provided documentation that Plaintiff could not work due to

his disability. (Doc. #24, PAGEID 100). Plaintiff submitted this documentation to Defendant's human resources department. However, because Plaintiff's application for sick leave had not been approved, and Plaintiff's "attendance points" were exhausted, Defendant terminated Plaintiff on January 30, 2024. (Entry Dismissing Initial Compl., Doc. #21, PAGEID 88). Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), wherein he claimed that Defendant discriminated against him based on race and disability and retaliated against him for making complaints over disparate treatment and continuing to pursue disability leave with Defendant's disability insurer. (Charge, Doc. #24-1, PAGEID 102-03). On April 4, 2025, the EEOC dismissed Plaintiff's racial and disability discrimination and retaliation charges and issued him a "Right to Sue Letter." (Doc. #6-1, PAGEID 31).

On July 3, 2025, Plaintiff filed his initial *pro se* Complaint, raising a claim of disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"). (Doc. #21, PAGEID 87-88, citing 42 U.S.C. § 12101 *et seq.*; Doc. #6, PAGEID 29). Defendant filed a Motion to Dismiss, arguing that Plaintiff had failed to set forth a *prima facie* ADA discrimination claim. (Doc. #12, PAGEID 48-50). On February 23, 2026, the Court dismissed the Complaint for that reason. (Doc. #21, PAGEID 94).

> However, the [Ohio Unemployment Commission's] determination
> that Plaintiff was fired without cause leads the Court to conclude that
> Plaintiff may, with the aid of discovery, be able to show that
> Defendant's proffered reason for termination—unapproved absences

2

and tardiness—was pretextual. Consequently, the Court dismisses the Complaint without prejudice to refiling within TWENTY-EIGHT (28) days of Entry. The Court strongly encourages Plaintiff to attempt to retain counsel prior to refiling.

(*Id.* at PAGEID 95, citing Unjust Discharge Notice, Doc. #15-1, PAGEID 68-69).

On April 4, 2026, Plaintiff filed the Amended Complaint, alleging that Defendant failed to give him time off work, despite a documented inability to work, and that Defendant treated him unfairly vis-à-vis similarly-situated white employees. (Doc. #24, PAGEID 100). On May 4, 2026, Defendant moved again to dismiss, arguing that Plaintiff's race discrimination and failure to accommodate claims are time-barred, as they were filed more than ninety days after Plaintiff received the right-to-sue letter, and no such claims were raised in the initial Complaint, meaning that the relation-back doctrine does not apply. (Doc. #26, PAGEID 109-10, quoting *Hollimon v. Shelby Cnty. Gov't*, 325 F. App'x 406, 409 (6th Cir. 2009); citing 42 U.S.C. § 2000e-5(f)(1); FED.R.CIV.P. 15(c)(1)(B); *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 375 (6th Cir. 2015); *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 249 (6th Cir. 2000); *Hill v. Ohio Dep't of Mental Health & Addiction Servs.*, No. 2:21-cv-4141, 2024 WL 495525, *9 (S.D. Ohio Feb. 8, 2024) (Morrison, J.)).

Defendant further asserts that, even if the failure to accommodate claim is not time-barred, that claim fails because Plaintiff has failed to allege a *prima facie* ADA failure to accommodate claim; specifically, Plaintiff (a) has alleged no facts in support of his legal conclusion that he is disabled; (b) has not even alleged the

3

conclusion that he is otherwise qualified for the job from which he was terminated; and (c) has not alleged that he could have otherwise performed the duties of the position from which he was terminated with reasonable accommodation. (Doc. #26, PAGEID 110-12, quoting 42 U.S.C. § 12102(1)(A); *Myers v. Cuyahoga Cnty.*, 182 F. App'x 510, 515 (6th Cir. 2006); citing *Hentze v. CSX Transp. Inc.*, No. 1:17-cv-217, 2018 WL 1562023, at *1 (S.D. Ohio Mar. 31, 2018) (Barrett, J.)). Finally, Defendant argues that Plaintiff's claim for disability discrimination, the gravamen of his initial Complaint, was not raised in the Amended Complaint, and is therefore abandoned. (*Id.*, PAGEID 113, citing *Parrish v. Roto-Rooter Servs. Co.*, No. 1:24-cv-227, 2025 WL 211251, *3-4 (S.D. Ohio Jan. 16, 2025) (Litkovitz, Mag. J.), *report and recommendations adopted at* 2025 WL 487299 (S.D. Ohio Feb. 13, 2025) (McFarland, J.)). Even if it were not considered abandoned, Defendant asserts that the claim fails for the same reason as Plaintiff's purported failure to accommodate claim: Plaintiff has failed to allege plausibly that he is disabled and that his disability was a cause of Defendant's discrimination against him. (*Id.* at PAGEID 113-14, citing *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015); *Gryder v. Buttigieg*, No. 2:20-cv-255, 2022 WL 602330, *5 (E.D. Tenn. Feb. 28, 2022)).

Plaintiff responds that the EEOC pursued Plaintiff's racial discrimination claims on his behalf, and that Plaintiff's completing of his training meant that he was otherwise qualified for his position. (Memo. in Opp., Doc. #29, PAGEID 126).

4

He further claims that he made a leave request under the Family Medical Leave Act of 1993 ("FMLA") to Defendant's human resources department in 2023, and Defendant denied that claim. (*Id.* at PAGEID 127).

The matter is now ripe for decision.

## II.    Legal Standards

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the

5

line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id.* at 679.

As discussed above, "*pro se* litigants are held to a lesser pleading standard than other parties[,]" *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402, (2008), and *pro se* pleadings are liberally construed. *Gamble*, 429 U.S. at 106. Nonetheless, to survive a Rule 12(b)(6) motion, *pro se* plaintiffs still must meet the plausibility standard of *Twombly* and *Iqbal*: "A [*pro se*] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), quoting *Iqbal*, 556 U.S. at 678; citing 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    Analysis

While Plaintiff attached his Right to Sue Letter to the initial Complaint (Doc. #6, PAGEID 31-32), the letter did not state the subject matter of Plaintiff's discrimination charge; nor did Plaintiff make any mention of racial discrimination or retaliation prior to filing the Amended Complaint. (Doc. #24). Indeed, the Amended Complaint was the first time the Court became aware that Plaintiff is not white. (*Id.* at PAGEID 100). There is no way that Defendant was or reasonably

6

should have been on notice that Plaintiff was raising any claim with respect to his race or retaliation for protected activity. *Durand*, 806 F.3d at 375. Accordingly, any claim of race-based discrimination or retaliation does not relate back to the initial Complaint, FED.R.CIV.P. 15(c)(1)(B), and any such claim only became operative upon his filing the Amended Complaint on April 6, 2026. (Doc. #24, PAGEID 101). Approximately one year had elapsed between Plaintiff receiving the Right to Sue Letter and filing any race discrimination or retaliation claim in this court, well outside the ninety-day statutory limit of which the EEOC made Plaintiff aware through the letter. (Doc. #6-1, PAGEID 31; *see also* 42 U.S.C. § 2000e-5(f)(1) (setting forth ninety-day right-to-sue window)). Consequently, Plaintiff's claim of race discrimination is time-barred.

Defendant argues that Plaintiff's failure to accommodate claim is similarly time-barred, as "[t]he original Complaint identifies one cause of action: disability discrimination. There is no mention of [Plaintiff]'s purported failure to accommodate Plaintiff." (Doc. #26, PAGEID 110). However, even assuming that Plaintiff's failure to accommodate claim in the Amended Complaint is timely, it is still legally insufficient. Just as with a claim for disability discrimination, in a claim for failure to accommodate, Plaintiff must plausibly allege that he is disabled as that term is defined in the ADA. *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004), citing 29 U.S.C. § 794(a), *overruled on other grounds by Gross v.*

7

*FBL Fin. Servs., LLC,* 557 U.S. 167, 180 (2009). In dismissing Plaintiff's disability

discrimination claim in the original Complaint, the Court explained that:

> Plaintiff merely states that he is disabled, without identifying his
> disability or alleging that that disability substantially limits his major
> life activities. 42 U.S.C. § 12102(1)(A). The letters from Dr. [Glenda]
> Lopez-Blaza merely state that Plaintiff has an unspecified illness.
> (Doc. #15-1, PAGEID 64-67). . . . The Court and Defendant are left to
> guess what Plaintiff's disability is and how it limits him, which is
> insufficient even liberally construing the Complaint.

(Doc. #21, PAGEID 94). In the Amended Complaint, Plaintiff's only allegations

with respect to failure to accommodate are that he sent to Defendant's human

resources department the four notes from Dr. Lopez-Blaza "stating that [Plaintiff]

was unable to work." (Doc. #24, PAGEID 100). The Court and Defendant are left

to guess what is Plaintiff's "physical or mental impairment that substantially limits

one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). Even liberally

construing the Amended Complaint, Plaintiff falls well short of the plausibility

required under *Twombly* and *Iqbal*, and his failure to accommodate claim must be

dismissed.

Defendant asserts that Plaintiff did not renew his claim of ADA disability

discrimination in the Amended Complaint (Doc. #26, PAGEID 113), and indeed, no

reasonable reading of the Amended Complaint permits the inference that Plaintiff

is raising a claim of disability discrimination therein. However, even if the Court

were to assume that that claim carried over from the original Complaint (Doc. #6,

PAGEID 29), Plaintiff's failure to allege what his impairment is or how it affects

major life activities means that such a claim must be dismissed for the same

reason as his failure to accommodate claim. Accordingly, Plaintiff's Amended Complaint (Doc. #24) must be dismissed in full.

The Supreme Court and the Sixth Circuit have repeatedly directed district courts to be liberal in granting leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987). However, a court should deny leave "if the amendment . . . would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "An amendment is futile when, after including the proposed changes, the complaint still could not withstand a Rule 12[] motion to dismiss." *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (internal quotation marks and citation omitted).

While Plaintiff did not request leave to amend in his memorandum *contra*, the Court concludes that any further amendment would be futile. For the reasons discussed above, any claim of racial discrimination or retaliation is time-barred, and Plaintiff has twice fallen well short of plausibly pleading even the first element of a *prima facie* ADA discrimination or failure to accommodate claim. As there is no reason to think that further amendment would result in Plaintiff setting forth plausible claims for relief, the Amended Complaint must be dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. #26) is SUSTAINED and Plaintiff's Amended Complaint (Doc. #24) is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of Defendant and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

June 23, 2026

_Walter H. Rice_
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT